UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAVISH L. JOHNSON,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>HEATHER DIGESTI, et al.,<br><br>　　　　　Defendants. | Case No. 3:25-cv-00332-ART-CLB<br><br>ORDER ON REPORT AND RECOMMENDATION (ECF No. 18) AND MOTION TO STAY CIVIL PROCEEDINGS (ECF No. 21) |

Before the Court is Plaintiff Tavish Johnson's ("Plaintiff's") First Amended Complaint ("FAC") (ECF No. 17) and Motion for Appointment of Counsel, (ECF No. 16). Plaintiff brings this complaint against Defendants Heather Digesti, Detective Harvey, Washoe County Parole and Probation, City of Sparks Police Department, and Doe Officers 1-10 for violations of his civil rights under Section 1983 and Section 1985(3), and for violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. (ECF No. 17.)

Magistrate Judge Carla L. Baldwin issued a Report and Recommendation ("R&R") recommending that Plaintiff be allowed to proceed with his Eighth Amendment cruel and unusual punishment claim, that his Section 1983 claims under *Monell* be dismissed without prejudice and with leave to amend, and the remainder of his claims be dismissed with prejudice and without leave to amend because they are barred by *Heck v. Humphrey*. (ECF No. 18.) Judge Baldwin also recommends that Plaintiff's Motion for Appointment of Counsel be denied. (*Id.*)

For the foregoing reasons, the Court adopts the R&R.

## I.　BACKGROUND

Upon review, the Court agrees with and adopts the Magistrate Judge's

1

factual and procedural history (ECF No. 18 at 3) in full:

Previously, the Court granted Johnson's application to proceed in forma pauperis and screened his original complaint. (ECF No. 12.) The Court dismissed the complaint for failure to comply with the Federal Rules of Civil Procedure 8(a)(2)'s requirement that a complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." (*Id.*) The Court instructed that "[i]f Johnson chose to amend his complaint, he must also clearly identify the claim(s) he is attempting to raise in his lawsuit in a single filing." (*Id.* (emphasis original).)

Johnson has now submitted a complaint that includes a short and plain statement for 10 different claims: (1) False Report/Falsification ("Claim 1"); (2) Stalking/Surveillance ("Claim 2"); (3) Unlawful Arrest/Detention ("Claim 3"); (4) Coerced House Arrest/Ultimatum ("Claim 4"); (5) Unconstitutional Search ("Claim 5"); (6) Excessive Police Presence/Intimidation ("Claim 6"); (7) Violation of the Eighth Amendment/Cruel and Unusual Punishment ("Claim 7"); (8) Victim Verification/Falsification ("Claim 8"); (9) Emotional Distress/Public Humiliation ("Claim 9"); and (10) Monell/Policy Based Liability ("Claim 10"). (ECF No. 17 at 11-13.) Judge Baldwin issued an R&R recommending dismissal of most claims. (ECF No. 18.) Plaintiff filed an objection. (ECF No. 19.) He then filed supplemental briefing showing that he has filed a motion for *habeas corpus* relief. (ECF No. 20.)

## II.    LEGAL STANDARD

### A. Screening Standard

Prior to ordering service on any Defendant, the Court is required to screen an in forma pauperis complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc) (noting the in forma pauperis statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an in forma pauperis complaint for the enumerated reasons). Such screening is required before a litigation proceeding in

2

forma pauperis may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015). "[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Review of Reports and Recommendations**

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Plaintiff filed an objection to Judge Baldwin's R&R arguing that she improperly dismissed his claims under *Heck v. Humphrey* and denied appointment of counsel and requests a stay of proceedings and leave to amend his First Amended Complaint. (ECF No. 18.) As such, the Court reviews the issues in the R&R *de novo*.

**III.   ANALYSIS**

**A. Objection to the Application of *Heck***

Plaintiff objects to the R&R's application of *Heck* to his claims for unlawful search, false arrest, racial misidentification, coerced house arrest, due process violations, retaliation, cruel conditions, and *Monell* liability. The Court finds that Judge Baldwin correctly applied *Heck* to each of these claims and Plaintiff's arguments to the contrary are conclusory.

Under *Heck*, a section 1983 action is barred if success in the action would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en

banc) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486 (1994)); *see Wallace v. Kato*, 549 U.S. 384, 393 (2007); *Martin v. City of Boise*, 920 F.3d 584, 613 (9th Cir. 2019) ("Where there is no 'conviction or sentence' that may be undermined by a grant of relief to the plaintiffs, the *Heck* doctrine has no application." (citing *Heck*, 512 U.S. at 486-87)). The fact that a prisoner's sentence has run is irrelevant to the application of this doctrine. *See Heck*, 512 U.S. at 490 n.10.

In his objection, Plaintiff repeats the contents of his claims and that they do not challenge the invalidity of his conviction. (ECF No. 19 at 1-2.) Plaintiff acknowledged both in his objection and subsequent Notice of Supplemental Filing in Support of Objections and Request for Stay (ECF No. 20) and Motion to Stay Civil Proceedings (ECF No. 21), however, that he has a pending state habeas case "arising from the same October 2024 events that form the basis" of this action, with issues that "overlap substantially" with his section 1983 claims. (ECF No. 21.) The Court construes the contents of this motion as an acknowledgement that his section 1983 action is barred by *Heck* for challenging the validity of his conviction.

Because the proper remedy to a suit barred by *Heck* is dismissal without prejudice to the plaintiff filing a civil suit if the conviction or sentence is later invalidated, *see Brown v. Tromba*, 2024 WL 3875760, at *2 (D. Nev. Aug. 19, 2024) (citing *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 649 (1997)), Plaintiff's objection is overruled, and his Motion to Stay Civil Proceedings (ECF No. 21) is denied.

**B. Objection to the Denial of Motion for Appointment of Counsel**

Plaintiff also objects to the R&R's recommendation that his Motion for Appointment of Counsel be denied on the grounds that his claims involve multiple defendants, sustained administrative findings, ongoing habeas proceedings, and violations of the Constitution that are challenging to navigate while on parole. He does not dispute the R&R's finding that he is unlikely to succeed on the merits of

his remaining Eighth Amendment claim.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

In this case, the Court agrees with the R&R and does not find exceptional circumstances that warrant the appointment of counsel. Plaintiff's objection is therefore overruled.

### IV.    CONCLUSION

It is therefore ordered that Judge Baldwin's R&R is ADOPTED in part. (ECF No. 18.)

It is further ordered that Claims 1, 2, 3, 4, 5, 6, 8, and 9 are DISMISSED WITHOUT PREJUDICE to Plaintiff filing a new lawsuit if his detention is invalidated in his habeas proceeding.

It is further ordered that Claim 10 regarding *Monell* be DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND to address the doctrine's applicability to Claim 7.

It is further ordered that Claim 7, regarding Eighth Amendment cruel and unusual punishment, may proceed.

It is further ordered that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint as outlined in the R&R, he shall file the

amended complaint by July 6, 2026.

It is further ordered that Plaintiff's Motion to Stay Civil Proceedings (ECF No. 21) is DENIED.

Dated this 5th day of June, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE