UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TAVISH L. JOHNSON,

Plaintiff,

v.

HEATHER DIGESTI, *et al.*,

Defendants.

Case No. 3:25-CV-00332-ART-CLB

**ORDER REGARDING AMENDED COMPLAINT**

[ECF Nos. 28, 29]

Plaintiff Tavish Johnson ("Johnson") initiated this case by filing a *pro se* complaint asserting several civil rights claims.[1] (ECF No. 17.) The Court screened Johnson's complaint and found only two of his claims were procedurally proper — his *Monell* claim and his Eighth Amendment cruel and unusual punishment claim. (ECF Nos. 18, 23.) The Court permitted the cruel and unusual punishment claim to proceed but dismissed the *Monell* claim with leave to amend because Johnson had not identified the specific policy he was challenging. (ECF Nos. 18, 23.) Johnson timely filed an amended complaint. (ECF No. 26.) However, rather than supplement his *Monell* claim, Johnson asserted only a deliberate indifference claim, something he had not raised previously. (ECF No. 27.) The Court therefore declined to screen Johnson's amended complaint because it exceeded the scope of the Court's order granting leave to amend, and granted Johnson a *sua sponte* extension to file an amended complaint that was within the scope. (ECF No. 27.)

Johnson chose not to file an amended complaint and instead filed two notices. (ECF Nos. 28, 29.) Johnson's first notice states he no longer wishes to pursue his *Monell* claim and will proceed solely with his cruel and unusual punishment claim. (ECF No. 28.) It is up to Johnson which claims he wishes to pursue, and since the Court previously

---

[1] The Court notes Johnson's initial complaint was dismissed with leave to amend due to procedural issue. (ECF No. 12.) The Court is therefore referencing Johnson's First Amendment Complaint because it is the first complaint that was screened on the merits of Johnson's claims.

found Johnson stated a *prima facie* cruel and unusual punishment claim the Court takes no issue with this notice. (*See* ECF Nos. 18, 23.) Johnson's second notice, however, is problematic. In it, Johnson purports to clarify his original complaint with additional and corrected factual allegations. (ECF No. 29.) The Court takes no issue with Johnson clarifying the underlying factual allegations for his claim. However, it is improper to do so via a notice to the Court. If Johnson wishes to amend the underlying facts from his original complaint he must file an amended complaint with the new allegations.

Accordingly, the Court **GRANTS** Johnson an extension up to and including **Friday, September 11, 2026**, to file an amended complaint detailing the amended and corrected factual allegations for his cruel and unusual punishment claim. To be clear, the Court is only granting Johnson leave to supplement the factual allegations underlying his cruel and unusual punishment claim. He may not add any new claims or parties. If Johnson chooses not to file an amended complaint, this case will proceed with the cruel and unusual punishment claim as alleged in Johnson's original complaint. (ECF No. 17.)

**IT IS SO ORDERED**.

**DATED**: August 27, 2026

UNITED STATES MAGISTRATE JUDGE