**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

TAVISH L. JOHNSON,

Plaintiff,

v.

HEATHER DIGESTI, *et al.*,

Defendants.

Case No. 3:25-CV-00332-ART-CLB

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL SERVICE ATTEMPTS**

[ECF No. 34]

On October 15, 2026, Plaintiff Tavish L. Johnson ("Johnson") filed a motion to for additional service attempts by the U.S. Marshal on Defendants Detective Harvey and the City of Sparks Police Department (collectively referred to as "Defendants"). (ECF No. 34.) Specifically, Johnson requests that the City of Sparks Police Department be served at another address and provides additional identification information for Detective Harvey. (*Id.* at 2.) Johnson requests that the U.S. Marshal's Service use the additional identification information to "inquire into Harvey's current duty location or an authorized recipient" for completion of individual service. (*Id.* at 3.)

First, as to Johnson's request for the U.S. Marshal to reattempt service of process upon both Defendants, his motion is granted.

However, the motion is denied to the extent Johnson requests that the U.S. Marshals provide a location for Detective Harvey. Even though Johnson is a *pro se* litigant, neither the Court nor the U.S. Marshal's Service may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court or the U.S. Marshal in the role of an advocate. *DeRoche v. Funkhouser*, No. CV 06-1428-PHX-MHM (MEA), 2008 WL 4277659, at *1 (D. Ariz. Sept. 16, 2008) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) (holding that the court should not assume the role of advocate for a *pro se* litigant)); *Dillard v. Irvin*, No. 3:22-CV-285-SLG, 2024 WL 4493365, at *2 (D. Alaska Oct. 15, 2024) ("[N]either the Court nor the Marshals will

conduct any investigation into the whereabouts of any defendant."). Thus, the responsibility for providing accurate address information for each defendant falls on Johnson himself. *Falls v. Vernal*, No. 5:19-02311 JWH (ADS), 2021 WL 9681337, at *2 (C.D. Cal. Apr. 19, 2021) ("Plaintiff is explicitly cautioned that he is ultimately responsible for providing the correct full name and address for each defendant."). While inclusion of the additional location information for Harvey may assist in locating Harvey at the address provided by Johnson, it would be improper for the Court to order the U.S. Marshal's Service to use such information to attempt to locate an address for Harvey. As such, the Court may not grant Johnson's request for the U.S. Marshal's Service to inquire into Detective Harvey's current address.

**IT IS THEREFORE ORDERED** that Johnson's motion, (ECF No. 34), is **GRANTED** as to the request for the U.S. Marshals to reattempt service and **DENIED** as to the request for the U.S. Marshal's Service to identify an address for Detective Harvey.

**IT IS FURTHER ORDERED** that the U.S. Marshals shall **REATTEMPT SERVICE** on Defendants Detective Harvey and the City of Sparks Police Department.

**IT IS FURTHER ORDERED** that the Clerk shall **SEND** sufficient copies of the summons for Detective Harvey and the City of Sparks Police Department, (ECF No. 33 at 1-2, 5-6), the Amended Complaint, (ECF No. 31), and this order to the U.S. Marshals Service for service on Detective Harvey and the City of Sparks Police Department. The Clerk shall **SEND** to Johnson two USM-285 forms. Johnson will have **21 days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any of the defendants were not served, and if Johnson wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

///

**IT IS SO ORDERED.**

**DATED**: October 16, 2026.

**UNITED STATES MAGISTRATE JUDGE**